IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case 13 CV 3591 |
| | ) |
| Jerome Dixon, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Petitioner Jerome Dixon pled guilty to possessing a firearm after previously being convicted of a felony, in violation of 18 U.S.C. § 922(g). Petitioner entered into a plea agreement on December 22, 2011, and was sentenced to a term of 180 months' imprisonment on May 14, 2012. Petitioner thereafter filed a Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons that follow, petitioner's motion is denied.

I.

Petitioner was sentenced to a term of 180 months' imprisonment and two years of supervised release after pleading guilty to possessing a firearm after previously being convicted

of a felony in violation of 18 U.S.C. § 922(g). Under the terms of the plea agreement, petitioner agreed that he qualified as an Armed Career Criminal ("ACC") pursuant to 18 U.S.C. § 924(e) and USSG §§ 4B1.4(b)(3)(A) and (c)(2) in light of his three prior convictions for violent felonies or serious drug offenses. Specifically, he agreed that he was convicted of the following offenses in the Circuit Court of Cook County, Illinois:

(1) December 11, 1998: manufacturing/delivering a controlled substance in violation of 720 ILCS 570/401(c)(2), for which petitioner was sentenced to 24 months' probation;

(2) June 13, 2001: aggravated battery of a policy officer, in violation of 720 ILCS 5/12-4(B)(6), for which petitioner was sentenced to two years' imprisonment;

(3) July 31, 2003: manufacturing/delivering a controlled substance in violation of 720 ILCS 570/401(D), for which petitioner was sentenced to three year's imprisonment;

(4) October 22, 2003: aggravated unlawful use of a weapon in violation of 720 ILCS 5/24-1.6(A)(1), for which petitioner was sentenced to four years' imprisonment; and

(5) February 7, 2007: possession of a controlled substance in violation of 720 ILCS 570/402(c), for which he was sentenced to two years' imprisonment.

When petitioner pleaded guilty, he admitted to the conduct in the instant case: he carried a loaded firearm to protect thirteen Ziploc bags containing over eight grams of marijuana in his possession that he intended to sell. Plea Hrg. Tr. at 13-15. He further admitted that while in possession of the firearm, he

2

sold a baggie of marijuana in exchange for money. *Id*. Under the terms of the plea agreement, petitioner agreed to a sentence of fifteen years' imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C), and waived his right to appellate and collateral rights in exchange for the Government's promise to drop the other two counts1 in the indictment.

II.

Under § 2255, a prisoner in federal custody may petition the court that imposed his sentence to vacate, set aside, or correct the sentence on the ground that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

III.

Petitioner challenges his sentence on the basis that the finding that he was an ACC was erroneous. He argues that based on a letter he received from the State of Illinois when he was discharged from parole, he reasonably believed that his prior convictions in Illinois state court "were discharged and all of his civil rights were restored;" thus, his former state

---

1 The Government agreed to drop Count 2, distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and Count 3, possession a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

3

conviction could not serve as a basis for the recidivist enhancement under 18 U.S.C. § 922(g). Pet. Br. [#3] at 2. His argument relies on *United States v. Buchmeier,* 518 F.3d 563-64 (7th Cir. 2009), in which the Seventh Circuit held that defendants who received poorly-crafted discharge letters from the State of Illinois that misled convicted criminals about their subsequent right to carry firearms could *not* be considered Armed Career Criminals under federal statute 18 U.S.C. § 924(e). While petitioner is currently unable to locate the letter he received from the State of Illinois allegedly discharging his conviction and restoring all of his civil rights, which would trigger a *Buchmeier* analysis, he claims he has requested a copy from the probation office, and it has yet to fulfill that request.

**WAIVER**

Respondent urges that the language of the plea agreement precludes petitioner from bringing this action, because it contained an explicit collateral review waiver. Specifically, under the heading "Waiver of appellate and collateral rights" the plea agreement stated:

> Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to go to trial … defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which the sentence was determined), including any term of imprisonment and

4

> fine within the maxiumus provided by the law … In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and … his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation …

Plea Ag. at 14.

"A plea agreement is a contract and is therefore governed by ordinary contract law principles." *United States v. Quintero*, 618 F.3d 746, 750 (7th Cir. 2010). The Seventh Circuit has "repeatedly held 'that a voluntary and knowing waiver of an appeal is valid and must be enforced.'" *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (quoting *United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002)). Such waivers are enforced so long as "their terms are express and unambiguous, and the record shows that the defendant knowingly and voluntarily entered into the agreement." *Sakellarion*, 649 F.3d at 639.

Here, the plea agreement included an explicit waiver of petitioner's right to pursue a § 2255 motion. In *Sakellarion,* the Seventh Circuit upheld identical waiver language in a plea agreement. 649 F.3d at 638. The plain language of the agreement indicates that petitioner expressly waived his right to appeal or challenge his sentence through a § 2255 motion, and "there is

nothing on the face of the agreement that appears ambiguous in such a way as to indicate that [petitioner] did not understand the terms to which he agreed." *Quintero*, 618 F.3d at 751. Thus, the waiver must be upheld as long as petitioner knowingly and voluntarily entered into it.

"To determine if a defendant knew and understood the plea agreement, we must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge." *United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009). The plea colloquy indicates that petitioner understood the terms of the agreement and entered into it on his own volition. When the Court asked him if his decision to plead was entirely voluntary, Petitioner responded affirmatively. Plea Hrg. Tr. at 12. He also answered affirmatively that he was satisfied with "the advice and efforts of his attorney"; that he understood that pleading guilty meant he was forfeiting his right to a trial and a subsequent appeal, as well as all other trial rights; and that he read the plea agreement before signing it.2

---

2 During the change of plea hearing, petitioner acknowledged that it was his signature on the plea agreement. Plea Hrg. Tr. at 8. When asked if he had read it, he answered, "No, ma'am," but his counsel went on to explain that petitioner had read the predecessor agreement, and that the final agreement memorialized that the parties had agreed to proceed under Fed. R. 11(c)(I)(C) to an agreed sentence of 15 years' imprisonment. *Id.* at 8-9. Both petitioner and his attorney represented to the Court that petitioner was ready to plead guilty and that he understood that the 15-year sentence was a statutory minimum given his classification as an Armed Career Criminal. *Id.* at 10. None of the changes between the version petitioner read and the one he signed involved the express waivers of his right to bring a § 2255 action.

6

*Id.* at 4, 6-7, 8. Moreover, after this Court outlined the full extent of his sentence, petitioner was asked if he understood "all" the terms of his sentence, and he answered affirmatively. *Id.* at 12. When asked if anyone forced him "in any way to plead guilty," he said, "no." *Id.* Therefore, this Court is convinced that petitioner entered into the plea agreement both knowingly and voluntarily.

This Court notes that Petitioner has failed to raise an argument that his counsel was ineffective for the manner in which he negotiated the plea agreement, one basis for which a petitioner may challenge the validity of a plea agreement. *See Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013) ("We have therefore repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement."). "Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (holding that "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation

of the waiver"). In his petition [#1], Petitioner indicated that the second ground for his challenging his sentence was a claim that he received ineffective assistance of counsel. Pet. at 5. Where he was asked to provide the supporting facts for that claim, he wrote "see memorandum attached." *Id.* The accompanying memorandum [#3], however, contains no basis, either legal or factual, for his claim that he received ineffective assistance of counsel in negotiating the waivers contained in his plea agreement. In fact, his memorandum is silent on the subject of his counsel's performance altogether. Therefore, with no basis upon which to depart from the general rule that the waivers were valid and enforceable, I deny the petitioner's § 2255 motion.

Petitioner also filed a motion to take judicial notice of petitioner's non-qualifying prior conviction pursuant to *United States v. Buchmeier*, 581 F.3d 561 (7th Cir. 2009) [#15], but given that my decision on the waiver settles this matter, that motion is denied.

IV.

For the foregoing reasons, petitioner's motion to vacate, set aside or correct his sentence is denied, and I decline to issue a certificate of appealability.

**ENTER ORDER:**

**Dated**: July 28, 2014

**Elaine E. Bucklo**
United States District Judge